UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT J. LUMPKIN,<br><br>      Plaintiff,<br><br> v.<br><br>SERGEANT ARMSTRONG,<br><br>      Defendant. | Case No. C09-1014-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

   Plaintiff Robert Lumpkin is a state prisoner who is currently incarcerated at the Airway Heights Corrections Center in Airway Heights, Washington.  He brings this action under 42 U.S.C. § 1983 to allege that his due process rights were violated when he was booked into the City of Kent Correctional Facility on a Kent Municipal Court case for which he had already served his full term of commitment.  Plaintiff maintains that he was unlawfully confined in the Kent Correctional Facility from June 12, 2009 to November 24, 2009.  Plaintiff identifies Sergeant Armstrong, the City of Kent Correctional Facility Sergeant, as the lone defendant in this action.

   Plaintiff has now filed a document which he identifies as a "Dispositive Motion."  In that document, plaintiff essentially reiterates the constitutional claim asserted in his amended complaint and explains in greater detail why he believes his confinement was unlawful and why

REPORT AND RECOMMENDATION- 1

he believes Sergeant Armstrong was responsible for what he terms a "false commitment." Defendant filed a response to plaintiff's dispositive motion in which defense counsel states that he is "at a complete loss" as to the purpose of plaintiff's motion, the relief sought by the motion, or the sort of response that might be necessary. Defendant therefore requests guidance from the Court as to the type of response required.

Defendant's difficulty in formulating a response to plaintiff's motion is understandable given that plaintiff does not identify the legal basis for his motion, does not make any legal argument, and does not cite to any authority. Nonetheless, after reviewing plaintiff's motion, and the materials presented in support thereof, this Court concludes that plaintiff's motion is most properly construed as one for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure and the Court will address it as such.[1]

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To deny a motion for summary judgment, the court need conclude only that a result other than that proposed by the moving party is possible under the facts and applicable law. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th Cir. 1981). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Given the current state of the record, this Court can readily conclude that a result other than that proposed by plaintiff is possible under the facts and applicable law. Accordingly, this

---

[1] Because this Court is able to conclude, solely on the basis of plaintiff's materials, that plaintiff is not entitled to summary judgment at this juncture, the Court deems it unnecessary to seek any additional response to the motion from defendant.

REPORT AND RECOMMENDATION- 2

1  Court recommends that plaintiff's dispositive motion be denied.  A proposed order accompanies
2  this Report and Recommendation.
3       DATED this 24th day of June, 2010.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3